IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **GABRIEL SEALE** | § | |
| | § | |
| **V.** | § | A-14-CV-0073 SS |
| | § | |
| **WARNER BROS. ENTERTAINMENT** | § | |

ORDER ON IN FORMA PAUPERIS STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are: Plaintiff Gabriel Seale's ("Seale") Application to Proceed In Forma Pauperis and Financial Affidavit in Support (Dkt. # 1). Because Seale is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Russell's claims pursuant to 28 U.S.C. § 1915(e).

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Seale's financial affidavit and has determined he is indigent and should be granted leave to proceed in forma pauperis. Accordingly, the Court hereby **GRANTS** Seale's request for in forma pauperis status. The Clerk of the Court shall file his complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Seale

is further advised, although he has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has made a § 1915(e) review of the claims made in this complaint and is recommending Seale's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A. Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.*, 490 U.S. at 327-28. A complaint duplicating claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

**B.**     **Analysis**

In Seale's Complaint, he alleges that Warner Brothers Entertainment, Inc. ("Defendant") defamed him by distributing the 1989 film *Tango & Cash*. Specifically, Seale alleges that he saw *Tango & Cash* in 1990 with a group of friends in Modesto, California, when he was 16 years-old. Seale complains that Kurt Russell's character in the film, Gabriel Cash, harmed Seale's reputation because he appeared "dressed as a woman with lipstick, a woman's miniskirt, and woman's high heel shoes." Complaint at p. 1. Seale alleges that his friends teased him because he shares the same first name as the character in the film. Seale seeks $250,000 from Defendant for the alleged defamation, libel and slander.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, federal courts possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. *Id.* A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Because Seale has not alleged any federal causes of action, he is attempting to invoke this court's diversity jurisdiction. When, as in this case, subject matter jurisdiction is based on diversity, federal courts apply the substantive law of the forum state, in this case, Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).

Under Texas law, to maintain a cause of action for defamation, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory *concerning the plaintiff*; (3) while

acting with negligence regarding the truth of the statement (if the plaintiff is a private individual). *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). An action for libel requires publication to a third party of written defamatory words about the plaintiff, while slander requires defamatory words about the plaintiff to be spoken, without legal excuse, to a third party. *Schirle v. Sokudo USA, L.L.C.*, 484 F. App'x. 893, 900 at n. 5 (5th Cir. 2012).

Seale has failed to allege a prima facie defamation claim because he has failed to demonstrate that Defendant published a defamatory statement *concerning* the Plaintiff. A publication is "of and concerning the plaintiff" if persons who knew and were acquainted with him understood from viewing the publication that the defamatory matter referred to him. *Cox Tex. Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 433 (Tex. App.-Austin 2007, pet. denied). In actions based on the identification of a fictional character with the actual plaintiff, "[t]he test is whether a reasonable person. . .would understand that the fictional character therein pictured was, in actual fact, the plaintiff acting as described." *Tamkin v. CBS Broadcasting, Inc.*, 193 Cal. App.4th 133, 122 Cal. Rptr.3d 264 (2011) (internal citations and quotations omitted). The movie *Tango & Cash* is about fictional characters and the fact that a character in the movie shares the same name as Plaintiff does not demonstrate that the movie is about Plaintiff. "[A]s a matter of law, mere similarity or even identity of names is insufficient to establish a work of fiction is of and concerning a real person." *Id.* Seale has failed to meet his burden of showing that the movie *Tango & Cash* was about him, and accordingly, his defamation claim is without merit. "There is no law providing relief for defamation by a fictional work which does not portray the plaintiff at all." *Polydoros v. Twentieth Century Fox Film Corp.*, 67 Cal. App.4th 318, 327, 79 Cal. Rptr.2d 207 (1997) (holding that film was not defamatory since "[n]o sensible person could assume or believe from seeing "The Sandlot" that it

purports to depict the life of Michael Polydoros."). See also, *Rogers v. Grimaldi,* 875 F.2d 994, 1005 (2nd Cir. 1989) (finding that movie titled "Ginger and Fred" was not about Ginger Rogers, and thus, she was not entitled to recover for false light defamation, despite claim that film portrayed her falsely by depicting dance pair in tawdry and "seedy" manner).

Seale's defamation claim is also barred by Texas' one-year statute of limitations.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.002.  In Texas, the plaintiff must bring a defamation suit no later than one year after the day the cause of action accrues. Tex. Civ. Prac. & Rem.Code § 16.002(a).[1] Ordinarily, the cause of action accrues when the defamatory statement is published. *Newsom v. Brod*, 89 S.W.3d 732, 736 (Tex. App.–Houston [1st Dist.] 2002, no pet.).  However, under the discovery rule,"the statute of limitations does not begin to run until the injured party learns of, or, in the exercise of reasonable diligence, should have learned of the injury or wrong giving rise to the action." *Johnson v. Baylor Univ.*, 188 S.W.3d 296, 301 (Tex. App.–Waco 2006, no pet.).  Seale alleges that he learned of the alleged defamatory film in 1990, but did not file his lawsuit until 2014. Accordingly, Seale's defamation claim is time-barred.   Because Seale's Complaint fails to allege a viable claim for relief the Court recommends that it be dismissed under 28 U.S.C. § 1915(e)(2).

### III.  RECOMMENDATION

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. The Magistrate Court **RECOMMENDS** the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **FURTHER RECOMMENDS** that the District Court **DENY** all other pending motions and requests for relief.

---

[1] California also has a one-year statute of limitations for defamation, libel and slander claims. CAL. CODE CIV. PROC. § 340(c).

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of March, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE