IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GABRIEL SEALE,

                Plaintiff,

-vs-                                                          Case No. A-14-CA-73-SS

WARNER BROS. ENTERTAINMENT,
                Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Gabriel Seale's Complaint [#3], and the Report and Recommendation of the United States Magistrate Judge [#2]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Seale is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

This is a pro se civil action filed by Seale. Along with his Complaint, Seale filed an application to proceed *in forma pauperis*. The Magistrate Judge granted Seale's application to proceed *in forma pauperis*. Then, under 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed Seale's claims and concluded Seale's Complaint lacks an arguable basis in law. The Magistrate Judge recommended the claims be dismissed as frivolous.

The underlying facts and claims asserted by Seale in his Complaint are short and simple. Seale alleges Warner Brothers Entertainment, Inc. (Warner Brothers) defamed him by distributing the 1989 film *Tango & Cash*. Specifically, Seale alleges he saw *Tango & Cash* in 1990 in California when he was sixteen years-old. Seale complains that Kurt Russell's character in the film, Gabriel Cash, harmed Seale's reputation because he appeared "dressed as a woman with lipstick, a woman's miniskirt, and woman's high heel shoes." Compl. [#3], at 1. Seale alleges his fellow teenagers teased him because he shares the same first name as the character in the film. Seale seeks $250,000 from Warner Brothers for the alleged defamation, libel, and slander.

## Analysis

### I.   Legal Standard

Under 28 U.S.C. § 1915(e)(2), this Court reviews the Complaint to determine if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), or the claims "are of little or no weight,

value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). The petitioner's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

The standard for determining whether a complaint fails to state a claim under § 1915(e) is identical to the standard used when ruling on a Rule 12(b)(6) motion. *Toursher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard in dismissing for failure to state a claim under § 1915(e)(2)(B)). To survive a Rule 12(b)(6) motion, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

## II. Application

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Id.* A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Because Seale has not alleged any federal causes of action, he is attempting to invoke this Court's diversity jurisdiction. When, as in this case, subject matter jurisdiction is based on diversity, federal courts apply the substantive law of the forum state, which, in this case, is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).

Under Texas law, to maintain a cause of action for defamation, the plaintiff must prove the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence regarding the truth of the statement (if the plaintiff is a private individual). *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). An action for libel requires publication to a third party of written defamatory words about the plaintiff while slander requires defamatory words about the plaintiff to be spoken, without legal excuse, to a third party. *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.—Corpus Christi 2003, no pet.), *abrogated on other grounds by Fort Brown Villas III Condominium Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879 (Tex. 2009).

Seale has failed to allege a prima facie defamation claim because he has failed to demonstrate

## II. Application

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Id.* A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Because Seale has not alleged any federal causes of action, he is attempting to invoke this Court's diversity jurisdiction. When, as in this case, subject matter jurisdiction is based on diversity, federal courts apply the substantive law of the forum state, which, in this case, is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).

Under Texas law, to maintain a cause of action for defamation, the plaintiff must prove the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence regarding the truth of the statement (if the plaintiff is a private individual). *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). An action for libel requires publication to a third party of written defamatory words about the plaintiff while slander requires defamatory words about the plaintiff to be spoken, without legal excuse, to a third party. *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.—Corpus Christi 2003, no pet.), *abrogated on other grounds by Fort Brown Villas III Condominium Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879 (Tex. 2009).

Seale has failed to allege a prima facie defamation claim because he has failed to demonstrate

Warner Brothers published a defamatory statement concerning Seale. A publication is "of and concerning the plaintiff" if persons who knew and were acquainted with him understood from viewing the publication that the defamatory matter referred to him. *Cox Tex. Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 433 (Tex. App.—Austin 2007, pet. denied). The movie *Tango & Cash* is about fictional characters, and the fact that a character in the movie shares the same first name as Seale does not demonstrate the movie is about Seale. Seale has failed to meet his burden of showing the movie *Tango & Cash* was about him, and accordingly, his defamation claim is without merit.

Seale's defamation claim is also barred by Texas's one-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002. In Texas, the plaintiff must bring a defamation suit no later than one year after the day the cause of action accrues. *Id.* § 16.002(a).[1] Ordinarily, the cause of action accrues when the defamatory statement is published. *Newsom v. Brod*, 89 S.W.3d 732, 736 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Under the discovery rule, however, "the statute of limitations does not begin to run until the injured party learns of, or, in the exercise of reasonable diligence, should have learned of the injury or wrong giving rise to the action." *Johnson v. Baylor Univ.*, 188 S.W.3d 296, 301 (Tex. App.—Waco 2006, no pet.). Seale alleges he learned of the alleged defamatory film in 1990, but he did not file his lawsuit until 2014. Accordingly, Seale's defamation claim is time-barred.

## Conclusion

Based upon the foregoing, Seale's Complaint fails to allege any valid claims for relief. Accordingly, the Court dismisses this case under 28 U.S.C. § 1915(e)(2).

---

[1] California also has a one-year statute of limitations for defamation, libel, and slander claims. *See* CAL. CODE CIV. PROC. § 340(c).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Andrew W. Austin [#2] is ACCEPTED;

IT IS FINALLY ORDERED that Plaintiff Gabriel Seale's Complaint [#3] is DISMISSED WITHOUT PREJUDICE.

SIGNED this the 16th day of April 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE